### HENRY BYRNE v. MARY CONDON.

Argued June 4, 1902—Decided November 10, 1902.

When lands devised are subject to a mortgage given by testator, and the mortgage, after his death, is foreclosed, and the premises sold to devisee for a sum not exceeding the mortgage debt, he holds his title under the judicial sale and not as devisee, and is not liable for the debt of the testator.

---

On motion for judgment on *postea.*

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *John J. Mulvaney.*

For the defendant, *Corbin & Corbin.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action against heir and devisee under our statute for debt of ancestor. The motion is for judgment on the *postea,* which shows that the lands were mortgaged by ancestor, and on the foreclosure of the mortgage were sold to defendant.

It must be presumed that the amount realized on the foreclosure sale is the full value of the land; there is no proof to the contrary. The sum produced by such sale has been devoted to the payment of testator's debts.

The defendant derives her title under the judicial sale, and now holds under that title, and not as devisee. Under the facts returned in the *postea* the defendant is entitled to judgment. The *postea* recites that, upon the trial of the issues, the jury found that the defendant did not have any lands by devise from the testator at the commencement of this suit, nor at any time since, and that all the lands devised were subject to mortgages and other liens, and that said lands were sold on foreclosure prior to the commencement of this suit for the amount of the mortgages, and no more.

There must be judgment on the *postea* for the defendant.