*40 Vroom.* Adams v. Wiesenthal.

## ISRAEL G. ADAMS v. ISAAC WIESENTHAL AND LEWIS EVANS.

Argued November 10, 1902—Decided February 24, 1903.

1. An averment in a plea that the defendant tendered the goods "in as good condition as the same were *at the time of signing the bond*" is no answer to an alleged breach of the condition of the bond that the said defendant would deliver the goods and chattels "in as good condition as the same were at *the time of making the claim of property therein.*"

2. A plaintiff in replevin is under no duty to demand a return of the goods redelivered to the defendant in replevin by the sheriff, after a judgment in the replevin suit in his favor and an assessment of his damages for the taking and detaining of the goods, before he can sue upon the bond given to the sheriff by the defendant.

On contract. On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the demurrer, *Thompson & Cole.*

Contra, *George A. Bourgeois.*

The opinion of the court was delivered by

FORT, J. This was a suit upon a replevin bond given by a defendant in replevin to the sheriff with a claim of property under section 9 of the Replevin act. *Gen. Stat., p. 2772, § 9.*

The condition of the bond was "if the said S. S. S. shall deliver the said goods and chattels in as good condition as the same were at the time of making such claim to the said I. G. A. * * * then this obligation to be void," &c.

There were three pleas:

1. *Non est factum.*

2. *Actio non,* because before suit the defendants tendered to the plaintiff the goods and chattels mentioned in the bond

"in as good condition as the same were *at the time of sign-ing said bond.*" The plea concludes with a verification and prays judgment if the plaintiff ought to have or maintain his action, &c.

3. *Actio non,* because the said plaintiff did not demand a return of the said goods and chattels mentioned from S. S. S. before instituting the suit. This plea concludes to the country.

The demurrers are to the second and third pleas. Each of these pleas have defective conclusions. The second plea should have concluded to the country and the third plea with a verification. But both pleas are otherwise deficient. The second, because the statement that the plaintiff tendered the goods "in as good condition as the same were *at the time of signing the bond*" is no answer to the alleged breach of a condition that "the said S. S. S. would deliver the said goods and chattels in as good condition as the same were *at the time of making the claim* of property therein." Where a declaration on a bond with condition sets out conditions and specially assigns breaches, the plea to be good must traverse the breaches as laid and conclude to the country. *Dime Savings Institution* v. *American Surety Co., 39 Vroom* 440.

The third plea is bad because the facts alleged in it, if true, are no defence. The plaintiff in replevin is under no duty to demand a return of the goods redelivered to the defendant in replevin by the sheriff upon the delivery to him by the defendant of a bond under the statute. Upon the determination of the suit in replevin in favor of the plaintiff and an assessment of his damages for the taking and detention of the property, he may at once sue upon the bond given to the sheriff which has been assigned to him.

Both demurrers are sustained.